PER CURIAM.
This cause came on for hearing upon two motions to dismiss the appeal. Examination of the record discloses that the notice of appeal was filed 61 days after the rendition of the final decree. The final decree was entered on March 15, 1962 and the notice of appeal was filed on May 15, 1962 totaling 61 days. May 14, 1962, which was the last day for filing and conferring jurisdiction, was a Monday and was not a legal holiday. Therefore, since the appellant did not meet the mandatory requirements of Florida Statute § 59.08 F.S.A., the appeal must be dismissed.
We deem it advisable once again to emphasize the strict jurisdictional character of Fla.Stat. § 59.08 F.S.A. The appellant’s brief in opposition to the motions to dismiss states that the notice of appeal was deposited in the United States mail on the 60th day. He contends that Florida Appellate Rule 3.4(b) 3 grants an additional three days when the mail is used. This rule with reference to service does not apply to the strict jurisdictional requirements with reference to the filing of the notice of appeal. See Fla.Stat. § 59.08 F.S.A.; Florida Appellate Rule 3.2(b), 31 F.S.A.; Blount v. Hansen, Fla.1961, 133 So.2d 73; Ramagli Realty Co. v. Craver, Fla.1960, 121 So.2d 648; Albert v. Carey, Fla.App.1960, 120 So.2d 189; Dunham v. Pan American Bank of Miami, Fla.App.1960, 118 So.2d 264; Braunstein v. Silhouette, Inc., Fla.App.1959, 113 So.2d 436; Harris v. Condermann, Fla.App.1959, 113 So.2d 235.
KANNER, Acting C. J.,- and WHITE and SMITH, JJ., concur.