WHITE, Judge.
Curtis B. Flinchbaugli has petitioned for a writ of certiorari from an order of the respondent Florida Real Estate Commission which revoked his registration as a real estate salesman without prejudice to file a new application. The respondent Commission filed its brief apparently overlooking the fact that this court is without jurisdiction to grant such petition in this instance. Questions of jurisdiction may be noted ex mero motu. Tom v. State ex rel. Tom, Fla.App., 1962, 143 So.2d 226.
Rule 4.5(c) of the Florida Appellate Rules effective after midnight September 30, 1962, 31 F.S.A.[1] requires an application for writ of certiorari to be filed with the court within 60 days from the rendition of the order sought to be reviewed. Rendition of the order in the present case under F.A.R. 1.3[2] occurred on October 1, 1962 when the order was reduced to writing and filed with the Florida Real Estate Commission. The 60 day period expired on Friday, November 30, 1962 which date was not a legal holiday. Although dated November 29, 1962, the petition for writ of certiorari was not filed with this court until December 3, 1962.
We have previously emphasized the strict jurisdictional requirements with reference to the filing of appeals through the mail. See Evans v. First National Bank in St. Petersburg, Fla.App., 1962, 143 So.2d 363. See also Fla.Stat. § 59.08, F.S.A.
Being untimely filed, the petition must be dismissed.
Petition dismissed.
KANNER, A. C. J., and ALLEN, J., concur.

. Florida Appellate Rule 1.4.

. “ ‘Rendition’ of a judgment, decision, order or decree means that it lias been reduced to writing, signed and made a matter of record, or if recording is not required then filed. * * * ”