ON MOTION TO DISMISS AND/OR STRIKE
DOWNEY, Judge.
Appellees have moved to dismiss or strike this appeal on the ground that the notice of appeal was not timely filed.
It appears that final judgment, after a trial by the court, was rendered May 30, 1980. Appellants filed a petition for rehearing in the trial court, which petition reflected that a copy thereof was served on appellees by mail on June 10, 1980, a Tuesday. The petition was denied on August 1, 1980, and notice of appeal was filed August 18, 1980.
Since the petition for rehearing was served on the 11th day after rendition of the final judgment, appellees contend the petition failed to toll the time for taking an appeal from the judgment of May 30, 1980, thus making the notice of appeal filed August 28, 1980, untimely. Appellants respond that their petition for rehearing was timely because the ten-day period provided by Florida Rule of Civil Procedure 1.530(b)[1] is extended to thirteen days by Florida Rule of Civil Procedure 1.090(e)[2], which adds three days when service is made by mail. Our examination of the two rules leads us to conclude that under Rule 1.530(b) the time for filing a petition for rehearing begins to run from the date a judgment is entered, rather than from the date it is served or received, while under Rule 1.090(e) the time period commences to run after a party has been served with a pleading or other paper.
A footnote in Franchi v. Florida Dept. of Commerce, Etc., 375 So.2d 1154 (Fla. 4th DCA 1979), sets forth the following relevant comment:
Courts which have construed F.A.R. 3.4(b)(3), the predecessor to the current Rule 9.420(d), have noted that the rule with reference to service does not apply to the strict jurisdictional requirement pertaining to the filing of a notice of appeal. In re Walker’s Trust, 143 So.2d 363 (Fla.2d DCA 1962). In fact, in In re Estate of Rogers, 205 So.2d 535 (Fla. 4th DCA 1967) this court noted that the fact that the clerk of this court had transmitted a copy of this court’s opinion on the merits to appellant’s counsel by mail did not extend the time for appellant to apply for a rehearing by three days under the terms of F.A.R. 3.4(b)(3). This is consistent with the fact that in allowing additional time to be added to the prescribed period whenever a party or clerk is required or permitted to do an act within some prescribed time after service of a document by mail, the rule refers only to acts which are required within a *1186 certain time after service. A final order or opinion, unlike the brief of an opposing party, is not served on a party but is simply filed by the clerk’s office and distributed to the parties.
Flint v. Howard, 464 F.2d 1084 (1st Cir. 1972), dismissed an appeal from an order denying habeas corpus relief because the notice of appeal from that order was not timely filed since a motion for reconsideration of the order denying relief had not been filed within ten days of the entry of the order and thus had not extended the time period for filing a notice of appeal.
In a petition for rehearing, the appellant argued, among other things, that the notice of appeal was timely because Federal Rule of Civil Procedure 6(e)[3] added three days to the ten day period for seeking reconsideration of the order denying him relief. The Court rejected that argument, saying:
The problem with this argument is that Rules 52 and 59 both provide that the 10 days within which a motion for reconsideration must be filed begins to run from “entry of judgment” rather than from receipt of notice and Rule 6(b), Fed.R. Civ.P., prohibits enlargement of such time. Petitioner’s ingenious and undocumented effort to justify an additional three-day mailing period does not persuade us.
464 F.2d at 1087; emphasis added.
Accordingly, we reject appellants’ argument that Rule 1.090(e) extends the time for serving a petition for rehearing. It follows that appellants’ petition for rehearing served June 10, 1980, was untimely, making appellants’ notice of appeal from the final judgment untimely. We are thus without jurisdiction, and we are required to dismiss this appeal.
APPEAL DISMISSED.
HURLEY, J., concurs.
ANSTEAD, J., concurs specially with opinion.

. Time for Motion. A motion for a new trial or for rehearing shall be served not later than 10 days after the rendition of verdict in a jury action or the entry of judgment in a non-jury action. A timely motion may be amended to state new grounds in the discretion of the court at any time before the motion is determined.

. Additional Time After Service by Mail. When a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.

. Our Rule 1.090(e) is patterned after Federal Rule 6(e).