414 So.2d 526 (1982)
Ray WILSON, Appellant,
v.
W. Max CLARK, Personal Representative of the Estate of Effie Steele, Deceased, Appellee.
No. AG-181.
District Court of Appeal of Florida, First District.
April 1, 1982.
Rehearing Denied June 8, 1982.
*528 Ferrin C. Campbell, Sr., P.A., Crestview, for appellant.
John P. Townsend of Selby, Chesser, Wingard & Barr, Fort Walton Beach, for appellee.
ERVIN, Judge.
Application of Rule 1.260(a)(1), Florida Rules of Civil Procedure, to the facts of this case suggests that the case will have to be remanded to the lower court to determine whether this cause should be dismissed because the plaintiff/appellee failed to file a timely motion for the substitution of the party plaintiff after the death of the original plaintiff, or whether the time for filing the motion for substitution should be enlarged due to appellee's excusable neglect. We otherwise affirm on all of the remaining points presented in this appeal.
A complaint was filed by Effie Steele against appellant Ray Wilson seeking cancellation and rescission of three leases entered into by the parties in 1972 and 1973. Steele's prayer for relief in count I of her complaint was based on allegations of inadequate consideration for the leases and undue influence and misrepresentation by Wilson in securing Steele's signature on the leases.
A motion to dismiss count I of the complaint was filed by Wilson charging that the facts constituting undue influence were not stated with particularity and constituted a general allegation of ultimate fact which was insufficient to make out a cause of action. The lower court denied the motion to dismiss finding that the allegations were sufficient to state a cause of action of undue influence.
Count I of the complaint sounded not only in undue influence but also in misrepresentation and inadequate consideration. The appellant did not contest the propriety of the latter two charges in the pleadings.
Without rendering any opinion as to the correctness of the reason for the lower court's determination that sufficient allegations of undue influence were presented, we find that the denial of the motion to dismiss was proper. A motion to dismiss was an improper vehicle to employ. By failing to challenge the allegations of misrepresentation and inadequate consideration, appellant admitted these allegations as having been well pleaded. Because count I stated a cause of action based on allegations of misrepresentation and inadequate consideration, a motion to dismiss all the allegations of count I was improper. See Bond v. Koscot Interplanetary, Inc., 246 So.2d 631, 633 (Fla. 4th DCA 1971); Beck v. Barnett National Bank of Jacksonville, 117 So.2d 45, 50 (Fla. 1st DCA 1960).
Appellant had two avenues upon which to rectify the improper pleading of undue influence. He could have filed a motion for a more definite statement pursuant to Rule 1.140(e), Florida Rules of Civil Procedure, in an effort to seek a clarification of vague and ambiguous allegations of undue influence. Calhoun v. Epstein, 121 So.2d 828, 830 (Fla. 2d DCA 1960); Beck, supra, at 50. Alternatively, he could have filed a motion to strike the allegations of undue influence. Rule 1.140(f), Fla.R. Civ.P.; Beck, supra, at 50. Appellant filed *529 neither of these motions, and denial of the motion to dismiss was quite proper.
The case was finally tried without a jury, final argument to the lower court having been made on December 30, 1980. On January 22, 1981, plaintiff Effie Steele passed away. Appellant promptly served a suggestion of death, pursuant to Rule 1.260(a)(1), Florida Rules of Civil Procedure,[1] on January 23, 1981. However, the suggestion of death did not appear "upon the record" until January 26, 1981, the date of filing.
Eighty-eight days after the date of filing on April 24, 1981 the lower court entered an order canceling and rescinding the leases. On April 28, 1981, ninety-two days after the suggestion of death was filed, plaintiff Effie Steele's counsel served a motion by mail to substitute W. Max Clark, administrator of the late plaintiff's estate, for the decedent as the party plaintiff. On the same day appellant filed a motion to dismiss for failure to move for substitution within the ninety-day period set forth in Rule 1.260(a)(1).
The lower court denied appellant Wilson's motion to dismiss and entered an order substituting Clark as the proper party plaintiff. The court then denied a timely filed motion for rehearing, and Wilson appealed in a timely manner. We are compelled to remand the case to the lower court for further consistent proceedings.
The appellee has suggested that the final judgment extinguished the cause of action by merging it into the final judgment; therefore, there was no action to dismiss, and the lower court correctly denied the motion to dismiss. Cited in support of this theory is the doctrine of merger. This doctrine stands for the proposition that a debt or cause of action, upon which an adjudication is predicated, merges into the judgment. 32 Fla.Jur.2d, Judgments and Decrees, § 85 (1981). Consequently, the debt or cause of action's independent existence perishes upon entry of a judgment. The doctrine of merger is set out in the Restatement of the Law, Judgments, Section 47 (1942).[2] However, there can be no merger of an action into a judgment, if the action is equitable in nature. Id. at comment h. Obviously, the doctrine is inapplicable to an action, such as the case at bar, that seeks cancellation and rescission of various leases.
As support for his merger argument, Wilson cites Sessions v. Stevens, 1 Fla. 233 (1847), which involved a judgment against a garnishee on a note, but the case suggests that it was the note that was extinguished by the entry of a final judgment. By entry of a judgment, "... the note in legal contemplation becomes extinguished, loses its identity and character, and ceases to be the subject of future action." Sessions, supra at 240.
Sessions and the doctrine of merger seem to rest more on principles of res judicata or estoppel by judgment than on the extinguishment or termination of an existing action and are, therefore, inapplicable to the case at bar. See 32 Fla.Jur.2d, Judgments and Decrees, § 88 (1981). Because the doctrine of merger is inapplicable, it still remains to be determined at what point a cause of action finally terminates.
*530 The general rule is that an action remains pending in the trial court until after a final judgment and such time as an appeal is taken or time for an appeal expires. If an appeal is taken, the action is still pending until final disposition. Southern Title Research Co. v. King, 186 So.2d 539, 544-545 (Fla. 4th DCA 1966); State, ex rel. Andreu v. Canfield, 40 Fla. 36, 23 So. 591 (1898). Even an order dismissing a complaint and allowing twenty days to file an amended complaint does not terminate a cause of action. Berman Leasing Co. v. C.R. Brumage, 217 So.2d 359 (Fla. 3d DCA 1969).
By virtue of the fact that this opinion is being rendered based on a timely appeal, it is fair to say that the action appellee professes to have become terminated or extinguished by virtue of the lower court's final judgment is still very much alive. In essence an action continues to have life until there is a final determination on an appeal. 1 Fla.Jur.2d, Actions, § 35 (1977); see also Braddock v. Braddock, 542 P.2d 1060, 1064 (Nev. 1975); Olson v. Hickman, 25 Cal. App.3d 920, 102 Cal. Rptr. 248, 249 (1972). Finality of a determination does not of course occur until time expires to file a rehearing petition and disposition thereof if filed, or until a timely filed petition for review in the Florida Supreme Court is acted upon. Therefore, it is apparent that the lower court's final judgment did not extinguish this action.[3]
Because of the filing of the suggestion of death, the appellee's counsel should have filed a timely motion for substitution. Canter v. Hyman, 363 So.2d 29, 30 (Fla. 3d DCA 1978), cert. denied, 368 So.2d 1368 (Fla. 1979); Nationwide Mutual Fire Insurance Co. v. Holmes, 352 So.2d 1233, 1234 (Fla. 4th DCA 1977).
We also reject appellee's argument that the motion for substitution was timely filed pursuant to Rule 1.090(e), Florida Rules of Civil Procedure, which states in part: "When a party ... is required to do some act ... within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, five days shall be added to the prescribed period." (e.s.) Appellee argues that had we applied the five-day enlargement period, that he would be entitled to no less than ninety-five days within which to respond, since appellant's suggestion of death was served on January 23, 1981, and appellee's motion for substitution was served and filed on April 28, 1981, exactly ninety-five days later.
We consider that the five-day extended period authorized by Rule 1.090(e) is inapplicable to the time provisions of Rule 1.260(a)(1). The latter rule states that the time for taking action begins to run as of the date the suggestion of death appears "upon the record"  not as of the date the suggestion is served.[4] Thus, the time provisions of Rule 1.260(a) are triggered simply by the recording or the filing of the suggestion of death  not by the pleading's service. If Rule 1.260(a) required a party to take some specified action following simply the date of service of the suggestion  compare the provisions of Rule 1.140(a), requiring a defendant to serve and answer within 20 days after service of the initial pleading  the enlargement provisions of Rule 1.090(e) would unquestionably apply.
We consider that the key words governing a response to a suggestion of death are the words "upon the record." Compare the words "within 30 days of rendition of the *531 order to be reviewed ...", in Florida Rule of Appellate Procedure 9.110(b), which requires the time for filing a notice of appeal within the applicable period irrespective of any additional time for service by mail. Compare also the language of Florida Rule of Civil Procedure 1.530(b), providing: "A motion for a new trial or for rehearing shall be served not later than 10 days after the rendition of verdict in a jury action or the entry of judgment in a non-jury action." (e.s.) In its construction of the rule, Grabarnick v. Florida Homeowners Association, 395 So.2d 1184, 1185 (Fla. 4th DCA 1981), certified question docketed, no. 60,564 (Fla. May 4, 1981), refused to apply the five-day extension period of Rule 1.090(e) to a motion for rehearing served 11 days after the rendition of final judgment, holding that the time for filing such motion begins to run from the date the judgment is entered, rather than from the date it is served or received.
We are not unaware that Rule 1.260(a)(1) provides that a motion for substitution shall be served on all parties in the manner provided in Rule 1.080. We do not conclude, however, that the reference to Rule 1.080 permits a reasonable inference that the enlargement provisions of Rule 1.090(e) are therefore applicable. We think, given the other language in Rule 1.260(a)(1), pertaining to the recording of the suggestion, that the reference was intended to describe the method by which a motion for substitution is communicated to the other party. Similarly, a motion for new trial or rehearing is also required to be served, but because Rule 1.530(b) provides also that such service shall follow within 10 days after rendition of a verdict or judgment, Grabarnick refused to apply the time provisions of Rule 1.090(e).
The distinction that we have drawn from the rules between a requirement for taking action within a prescribed period after service of a pleading, as opposed to taking action after the filing of a pleading upon the record, is supported also by the interpretations placed upon the counterpart of Rule 1.090(e), Federal Rule of Civil Procedure 6(e), permitting a three-day enlargement for service by mail. Thus, if a statute provides that the time for taking action begins to run from the date of the filing of an order, the fact that notice of filing was given by mail does not entitle the party to the three-day extension allowed by Rule 6(e). See United States ex rel. Tennessee Valley Authority v. Easement & Right of Way, 386 F.2d 769 (6th Cir.1967), cert. denied sub nom., Skaggs v. United States, 390 U.S. 947, 88 S.Ct. 1034, 19 L.Ed.2d 1137 (1968). Accord, Pizzichil v. Motors Ins. Corp., 90 F.R.D. 119, 121 (E.D. Pa. 1981). Professor Moore amplifies the above rule with the observations that
even though the operative statute or regulation provides that notice of the decision must be mailed to a party, the filing of the decision or some other prior event may trigger the period within which action must be taken. And, where this is the case, Rule 6(e) has no application.
2 Moore, Federal Practice ¶ 6.12 at 1500.210 (1982). Because the Florida Rules of Civil Procedure are modeled after the Federal Rules of Civil Procedure, federal decisions are highly persuasive in ascertaining the intent and operative effect of various provisions of the rules. See Dorr-Oliver, Inc. v. Linder Industrial Machinery Co., 263 So.2d 237, 239 (Fla. 3d DCA 1972).
Accordingly, we conclude that the enlargement period for service by mail provided in Rule 1.090(e) does not apply to the 90-day time limitation of Rule 1.260(a)(1).
Although the motion for substitution was required by Rule 1.260(a)(1) to be filed within ninety days, we consider that the motion, seeking an order extending the time for substituting the personal representative of the decedent as the party plaintiff, was, in effect, one seeking also an enlargement of time for substituting parties. As such, the motion is governed by the limitation periods set forth in Florida Rule of Civil Procedure 1.090(b). One of the grounds permitting enlargement under that rule is excusable neglect, provided the motion is filed no later than that required for "a motion for relief from a judgment *532 under Rule 1.540(b)." In appellee's motion to extend the time for substitution, it was specifically recited that "[s]ettlement talks has been attempted between the undersigned's law partner and defendant's counsel." On remand, the trial court should consider whether such fact could have reasonably lulled appellee into the belief that substitution may not have been required within the time strictures of Rule 1.260(a)(1). See New Hampshire Insurance Co. v. Kimbrell, 343 So.2d 107, 109-10 (Fla. 1st DCA 1977); King v. Tyree's of Tampa, Inc., 315 So.2d 538 (Fla. 2d DCA 1975); Rule 1.540(b), Fla.R.Civ.P.
Accordingly, as in Kimbrell, we remand this cause to the trial court for the purpose of conducting a hearing to determine whether appellee's failure to file timely his motion for substitution should be excused.
McCORD and SHAW, JJ., concur.
NOTES
[1] Rule 1.260(a)(1), Florida Rules of Civil Procedure, provides:

If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on all parties as provided in Rule 1.080 and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within 90 days after the death is suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceased party. (e.s.)
[2] Section 47 states:

Where a valid and final personal judgment in an action for the recovery of money is rendered in favor of the plaintiff,
(a) the plaintiff cannot thereafter maintain an action against the defendant on the cause of action, but
(b) the plaintiff can maintain an action upon the judgment.
[3] This view compares with the stance taken by the U.S. Supreme Court in Snyder v. Buck, 340 U.S. 15 at 20, 71 S.Ct. 93 at 96, 95 L.Ed. 15 (1950). Snyder reviewed Section 11(a) of the Judiciary Act of 1925, Ch. 229, 43 Stat. 936, 941 (former 28 U.S.C. § 780). This section is the predecessor of Rule 25(d), Federal Rules of Civil Procedure. As acknowledged by this court in New Hampshire Insurance Co. v. Kimbrell, 343 So.2d 107, 109 (Fla. 1st DCA 1977), Federal Rule 25 and Rule 1.260, Florida Rules of Civil Procedure are virtually identical, the latter having been modeled after the former. Consequently, federal decisions relating to the construction and history of Rule 25 and its predecessors are instructive. See Dorr-Oliver, Inc. v. Linder Industrial Machinery Co., 263 So.2d 237, 239 (Fla. 3d DCA 1972).
[4] See note 1.