926 F.2d 449
 19 Fed.R.Serv.3d 43
 STATE BANK & TRUST COMPANY OF GOLDEN MEADOW,
Plaintiff-Defendant-in Counterclaim-Appellant,
v.
"D.J. GRIFFIN" BOAT, "JOEY G." BOAT and Griffin Boat
Operators, Inc., Defendant-Plaintiff-in
Counterclaim-Appellee.
 No. 91-3109.
 United States Court of Appeals,
Fifth Circuit.
 March 5, 1991.
 
 Gary L. Newport, Sr. Atty., State of La., Office of Financial Institutions, Baton Rouge, La., Sessions & Fishman, Patricia Diane Tunmer, New Orleans, for plaintiff-defendant-in counterclaim-appellant.
 Lloyd Noble Shields, Susan Tart, Simon, Peragine, Smith & Redfearn, New Orleans, for defendant-plaintiff-in counterclaim-appellee.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before JOLLY, HIGGINBOTHAM and JONES, Circuit Judges.
 ORDER
 E. GRADY JOLLY, Circuit Judge:
 
 
 1
 IT IS ORDERED that petitioner's motion to stay execution of the district court's judgment pending appeal is GRANTED.
 
 
 2
 The issue in this matter is whether State Bank & Trust Company of Golden Meadow ("State Bank") is entitled, without posting a supersedeas bond, to a stay of execution of a money judgment during the pendency of its appeal under Fed.R.Civ.P. 62(f) and La.Rev.Stat.Ann. Sec. 6:244B (West 1990).
 
 
 3
 * On January 16, 1991, the district court entered judgment dismissing State Bank's action against Derris Griffin Boat Operators, Inc. ("Boat Operators"), and awarding Boat Operators $1,160,000 on its counterclaim. On January 28, 1991, State Bank filed a notice of appeal from that judgment and moved for a stay of execution pending disposition of the appeal, pursuant to Fed.R.Civ.P. 62(f) and La.Rev.Stat.Ann. Sec. 6:244B. The district court denied the motion on January 30, 1991, holding that assuming that Sec. 244B applies retroactively, State Bank was entitled to a stay only upon posting bond. The district court then granted a thirty-day stay until March 1, 1991, to afford the parties time to agree on a proper bond. State Bank thereafter filed this motion requesting a stay of execution without bond.
 
 II
 
 4
 State Bank argues that it is entitled to a stay during the pendency of its appeal of the district court's judgment under La.Rev.Stat.Ann. Sec. 6:244B without having to post a supersedeas bond. Rule 62(f), Fed.R.Civ.P., entitled State Bank to the same stay in federal court that it would receive in state court:
 
 
 5
 In any state in which a judgment is a lien upon the property of the judgment debtor and in which judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state.
 
 
 6
 It is not contested that in Louisiana a judgment acts as a lien upon the property of the judgment debtor. Nor is it disputed that under La.Rev.Stat.Ann. Sec. 6:244B a state bank is entitled to a stay of execution of a judgment pending its final appeal. Section 244B provides in pertinent part:
 
 
 7
 No attachment, injunction, or execution should be issued against [a state] bank or its property before final judgment in any suit, action, or proceeding, in any court.
 
 
 8
 La.Rev.Stat.Ann. Sec. 6:244B (West 1990).
 
 
 9
 State Bank contends that the statute's proscription against execution is absolute and, therefore, not dependent upon the posting of a supersedeas bond. State Bank further maintains that the state provision is analogous, if not identical, to 12 U.S.C. Sec. 91, which similarly prohibits execution of judgment against national banks until their final disposition on appeal. Although State Bank concedes that neither statute explicitly dispenses with the bond requirement, it insists that the statutes would be meaningless otherwise, because any judgment debtor can obtain a stay by posting a supersedeas bond.
 
 
 10
 Boat Operators argues in response that requiring State Bank to post bond is wholly consistent with Sec. 244B, given that the statute does not expressly dispense with the requirement. It understandably insists that it is entitled to be secured in its money judgment, particularly since State Bank's financial condition has apparently worsened over the course of this lengthy litigation. State Bank further argues that Sec. 244B only refers to "any court" without stating whether the reference is to a state court or to a federal court; it contends that in view of this ambiguity, the state statute must be interpreted as referring only to judgments rendered by Louisiana courts.
 
 
 11
 We agree with State Bank. Section 244B was enacted by the Louisiana Legislature in order to provide Louisiana banks with the same privileges and immunities afforded national banks under 12 U.S.C. Sec. 91. Indeed, the language in Sec. 244B is virtually identical to the language in 12 U.S.C. Sec. 91, which states, in pertinent part, that "No ... injunction ... shall be issued against [any national banking] association or its property before final judgment in any suit, action, or proceeding, in any State, county, or municipal court." Moreover, the sponsor of the state bill to the Committee on Commerce of the Louisiana Legislature characterized the intent of the state statute as follows:
 
 
 12
 Basically, what we're talking about here are situations where someone is trying to execute a judgment against a bank before all of the appeals have run, and to do so and to attempt to seize the assets of the bank might be deemed to be a preference of one creditor over another so Congress saw fit sometime ago to adopt a statute saying that you could not do that with respect to national banks. We're attempting to do that same thing with respect to state banks.
 
 
 13
 It is thus clear that Sec. 244B was intended to be interpreted as having the same meaning of Sec. 91. We therefore examine the scope and meaning of the existing federal law.
 
 
 14
 Section 91 was enacted by Congress in 1873 to prevent national banks from giving preferential treatment to creditors and to assure the orderly and fair liquidation of insolvent banks. United States v. Lemaire, 826 F.2d 387, 390 (5th Cir.1987), cert. denied, 485 U.S. 960, 108 S.Ct. 1223, 99 L.Ed.2d 423 (1988). The statute, in effect, prohibits liens against the property of a bank prior to "final judgment." This court has interpreted the term "final judgment" as used in 12 U.S.C. Sec. 91 to mean a judgment on the merits which is no longer subject to examination on appeal. Lemaire, 826 F.2d at 390. In Lemaire, we stated:
 
 
 15
 We are persuaded that Congress intended to and did arm the Comptroller with the lorica of an absolute prescription against the seizure of the property of a national bank before a judgment against that institution had completed the appellate process.
 
 
 16
 Lemaire, 826 F.2d at 390 (emphasis added).
 
 
 17
 The district court denied State Bank's motion, principally because Sec. 244B does not expressly eliminate the requirement for supersedeas bond. We do not dispute that observation. Instead, we think it more significant that nothing in either the state or federal statute expressly subjects application of the stay to such a requirement. Indeed, we find the language of both Sec. 244B and Sec. 91 unambiguous: "No ... execution ... shall be issued against [a bank] or its property before final judgment." Thus, the plain language of the statute permits State Bank to seek a stay of the lower court's judgment without having to post a supersedeas bond. See Rubin v. United States, 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981) (when terms of statute are unambiguous, judicial inquiry is complete). Furthermore, we believe that the plain meaning of the statute also renders Boat Operators' contention that Sec. 244B applies only to state court judgments meritless because such an interpretation would again conflict with the express provisions of the statute, which expressly refers to "any court."
 
 
 18
 We are not wholly unsympathetic to Boat Operators' argument that after six and one-half years of litigation, it is entitled to have its money judgment secured against any loss occurring as the result of State Bank's worsening financial condition during the course of the appeal. The statutes involved, however, do not permit Boat Operators to obtain a preference over other future lien creditors. The clear purpose of this legislation is "to prevent creditors from obtaining preferential treatment by court action, including the securing of a judgment at the trial court level." Lemaire, 826 F.2d at 390 (construing 12 U.S.C. Sec. 91). Requiring State Bank to post a bond securing this judgment in favor of Boat Operators has just that prescribed effect.
 
 III
 
 19
 For the reasons stated herein,[1] we grant State Bank's motion for stay of execution of the district court's judgment, without a supersedeas bond, during the pendency of its appeal.
 
 
 
 [1]
 Boat Operators also argues that La.Rev.Stat.Ann. Sec. 6:244B, which was enacted while this case was pending, would apply retroactively. We do not agree. The statute became effective on September 7, 1990. Although the complaint in this action was filed in 1984, the judgment at issue was not entered by the district court until January 16, 1991, and the present motion for a stay was filed by State Bank on February 1, 1991. Since State Bank seeks to apply Sec. 244B to a judgment entered after the effective date of the statute, retroactivity is not an issue in this case