832 So.2d 768 (2002)
FIRST UNION NATIONAL BANK, Appellant/Cross-Appellee,
v.
Helen J. TURNEY, Appellee/Cross-Appellant.
No. 1D00-2803.
District Court of Appeal of Florida, First District.
February 13, 2002.
Virginia B. Townes, Stacey L. Cole, of Akerman, Senterfitt & Eidson, P.A., Orlando and E. Lanny Russell, of Smith, Hulsey & Busey, Jacksonville, for Appellant/ Cross-Appellee.
Thomas S. Edwards, Jr., of Peek, Cobb, Edwards & Ashton, P.A., Jacksonville and James L. Ford, Sr., Atlanta, for Appellee/Cross-Appellant.

ON MOTION FOR STAY WITHOUT POSTING BOND
BENTON, J.
We have for consideration appellant's motions to stay issuance of mandate (if rehearing motion is denied), appellant's motion for expedited consideration of its motion to stay mandate, and appellee Helen J. Turney's response to appellant First Union's motion for stay of mandate and motion for expedited stay of mandate. First Union's motion for rehearing was denied on January 17, 2002, after which First Union timely filed a notice to invoke discretionary jurisdiction, seeking review in the Supreme Court of Florida of our decision in First Union National Bank v. *769 Turney, 824 So.2d 172(Fla. 1st DCA 2001), notice to invoke discretionary jurisdiction filed, No. SC02-197 (Fla. Jan. 29, 2002). Since the record has not been transmitted, we still have jurisdiction over procedural matters "subject to the control of the [supreme] court." Fla. R.App. P. 9.600(a). See also Fla. R.App. P. 9.310(a).
First Union seeks a stay of the mandate without having to post a bond. As a national banking association, First Union is insulated by statute from any "attachment, injunction, or execution ... before final judgment in any suit ... in any State ... court." 12 U.S.C. § 91. Construing an analogous Louisiana statute, the Fifth Circuit has interpreted "the term `final judgment' as used in 12 U.S.C. § 91 to mean a judgment on the merits which is no longer subject to examination on appeal." State Bank & Trust Co. of Golden Meadow v. D.J. Griffin Boat, 926 F.2d 449, 451 (5th Cir.1991) (citing United States v. Lemaire, 826 F.2d 387, 390 (5th Cir.1987) (similarly construing 12 U.S.C. § 91)).
First Union has no further appeal as of right, and does not argue otherwise. Instead, it contends that it is entitled to a stay on account of the (putative) possibility of discretionary review of our final judgment in the Turney case, see Jollie v. State, 405 So.2d 418, 423 (Fla.1981) ("A decision of a district court of appeal is `final' when it has been disposed of by that court on rehearing or the time for seeking rehearing has expired."), affirming the final judgment entered in the Circuit Court for the Fourth Judicial Circuit. As support for the proposition that 12 U.S.C. § 91 applies to discretionary review, First Union cites one case, Ann Baker v. The National State Bank, No. L-00160-93 (N.J. Sup.Ct. Middlesex County. Sept. 13, 1996).
The Ann Baker decision does not support First Union's contention that 12 U.S.C. § 91 authorizes or requires the grant of a stay on account of the mere possibility of discretionary review. It makes no mention of discretionary review whatsoever. Cf. O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (requiring state prisoner to seek discretionary review, if available, in order to exhaust state remedies for purposes of 28 U.S.C. § 2254); Gilbride, Heller & Brown, P.A. v. Watkins, 783 So.2d 224, 225-26 (Fla.2001) (holding statute of limitations in malpractice case runs from the date Florida Supreme Court denies discretionary review, if sought); Wilson v. Clark, 414 So.2d 526, 530 (Fla. 1st DCA 1982) (stating cause of action survives "until a timely filed petition for review in the Florida Supreme Court is acted upon").
But the merits of First Union's contention that the possibility of discretionary review necessitates a stay need not be reached in the present case, because First Union has failed to make out any basis for discretionary review of the decision in Turney, in any event. As its only argument that the prerequisites for discretionary review by the Supreme Court of Florida exist, First Union contends that the decision in Turney conflicts directly and expressly with the decision in First Union National Bank v. Whitener, 715 So.2d 979 (Fla. 5th DCA 1998). This asserted direct and express conflict is spurious for reasons the Turney decision itself develops in some detail. We conclude that 12 U.S.C. § 91 does not apply.
It is, of course, ultimately for our supreme court to decide whether to examine the merits of the final judgment First Union asks it to review. Compare Beaty v. State, 701 So.2d 856, 857 (Fla.1997), with The Florida Star v. B.J.F., 530 So.2d 286, 288 (Fla.1988) (holding that the Florida Supreme "Court has the final and inherent power to determine what constitutes express *770 and direct conflict"). But review under Article V, section 3(b)(3) of the Florida Constitution (requiring express and direct conflict) is unavailable "where the opinion below establishes no point of law contrary to a decision of th[e Supreme] Court [of Florida] or another district court." Id. at 289.
Both the supreme court's jurisdiction to decide whether express and direct conflict exists and its authority to review orders under Florida Rule of Appellate Procedure 9.310(f) militate in favor of a ten-day stay, in order that the supreme court can fully exercise its jurisdiction in this matter. Absent action by the supreme court, the mandate will issue ten days hence. No motion for rehearing will be entertained. First Union is also free during this ten-day period to post a "good and sufficient bond" as contemplated by Florida Rule of Appellate Procedure 9.310(b)(1) on the conditions specified in Florida Rule of Appellate Procedure 9.310(c).
It is so ordered.
BOOTH and BROWNING, JJ., concur.