HENDRY, Chief Judge.
We granted rehearing to consider the following question: When is an order, which has been followed by a timely petition for rehearing, “rendered” so that it may serve as a predicate for an appeal. Upon reconsideration of appellee’s motion to dismiss appeal, we recede from our prior order denying said motion and hereby order that it be granted.
Appellant petitioned the circuit court to modify a final decree of separate maintenance. The chancellor denied the petition by order of July 22, 1966, which was filed on the same date and recorded on July 25, 1966. Appellant’s timely petition for rehearing was denied by order dated October 28, 1966. This order was filed in the office of the Clerk of the Circuit Court on October 28, 1966, and recorded in the chancery order book on October 31, 1966. Notice of appeal was filed on December 29, 1966.
Rule 4.2(b), Florida Appellate Rules, 31 F.S.A., provides that notice of interlocutory appeal shall be filed within sixty days from rendition of the order sought to be reviewed. *918 Rule 1.3, Florida Appellate Rules, 31 F.S. A., provides that the rendition of an order means “that it has been reduced to writing, signed and made a matter of record, or if recording is not required, then filed/’ [Emphasis supplied.] Rule 1.3 also provides that where a timely and proper petition for rehearing is filed an order shall not be deemed rendered until the petition is disposed of.
Section 28.29(1), Fla.Stat., F.S.A., provides :
“No written order, judgment or decree, except an order of dismissal, a final j'udgment or a final decree, in any action at law or suit in equity in any of the several courts of the state, shall be recorded in the minutes of the court or the chancery order book, unless the court, on oral or written motion of any party to the cause, or of its own motion, shall order its recordation. Every order of dismissal, final judgment and final decree shall be recorded.”
This section as enacted by the Legislature provides that all laws and parts of laws in conflict here with are repealed.[1]
Section 62.16, Fla.Stat., F.S.A.,[2] and § 28.21(5), Fla.Stat., F.S.A.,[3] enacted prior to § 28.29(1), supra, are, in part, in conflict with § 28.29(1) insofar as they provide for the recording in the chancery order book of orders and decrees in equity other than orders of dismissal and final decrees.
As previously noted, an order is not rendered until a timely petition for rehearing is “disposed of”. An order denying a petition for rehearing is not required to be recorded and therefore is “disposed of” when reduced to writing, signed and filed.[4]
Appellant’s notice of appeal was filed sixty-one days from the date that the order denying his petition for rehearing was filed. As the order sought to be reviewed is deemed rendered on this date, the notice of appeal was not timely and the appeal must be and hereby is dismissed..
Appeal dismissed.

. Florida Laws 1947, cb. 23825, § 4.

. “§ 62.16. Decree in equity: signing and recording. — Decrees in equity may be signed by tbe judge when pronounced, and shall be recorded in the chancery order book of tbe court without any other en-roEment. And no process shall be issued or other proceedings bad on any final decree or order until tbe same shall have been signed and recorded as aforesaid.”

. § 28.21(5). “Tbe derk of tbe circuit court shaU keep: ‘A Chancery Order Book, in which shall be entered all orders and decrees taken in chancery, including those required to be signed by the judge, exclusively.’ ”

. See: Seiferth v. Seiferth, Fla.App.1960,. 121 So.2d 689; Bannister v. Hart, Fla.App.1962, 144 So.2d 853.