HUBBART, Judge.
This is an action challenging the method by which members of the Board of County Commissioners of Dade County were recently elected. The trial court granted the motion to dismiss the cause with prejudice and the plaintiff appealed. The defendants move to dismiss the appeal as untimely.
The issue presented for review is whether an appeal is timely filed where: (1) the order appealed from dismissing a complaint with prejudice was signed on December 21, 1976, and recorded on December 22, 1976; (2) a motion for rehearing on the order appealed from was filed with the court and mailed to the opposing party on January 3, 1977, but was not received by counsel for the opposing party until January 4, 1977; and (3) the notice of appeal was filed within thirty (30) days from the denial of the motion for rehearing. We hold that under these circumstances the appeal was timely filed and deny the motion to dismiss the appeal.
The plaintiff, Donald J. Palladeno, is an unsuccessful candidate for the Board of County Commissioners of Dade County in a recent county-wide election. He filed this action against his opponent and successful candidate, Clara Oesterle, along with the members ^of the Dade County Canvassing Board, challenging the method by which candidates in said election were elected.
December 21, 1976, the trial court signed an order dismissing the complaint with prejudice, which order was recorded by the clerk the next day on December 22, 1976. On January 3, 1977, the plaintiff filed with the clerk and mailed to the defendants a motion for rehearing on the order dismissing the complaint with prejudice, which motion was actually received by defense counsel the next day on January 4, 1977.
On January 18, 1977, the trial court denied the plaintiff’s motion for rehearing. On February 14, 1977, the plaintiff filed his notice of appeal from the order recorded December 22, 1976. The defendants move to dismiss the appeal as untimely.
Fla.App. Rule 3.2(b) provides that an appeal must be taken within thirty (30) days from the “rendition” of the final order appealed from. Fla.App. Rule 1.3 defines “rendition” of an order and further provides:
“Where there has been filed in the lower court a timely and proper motion or petition for a new trial, for a rehearing, or other timely post-trial motion or petition permitted by the Rules, the decision, judgment, order, or decree shall not be deemed rendered until such motion or petition is disposed of.”
In the instant case, the plaintiff filed a motion for rehearing on an order dismissing his complaint with prejudice, which is a proper motion under Fla.R.Civ.P. 1.530 directed to an otherwise final appeala-ble judgment. Snyder v. Gulf American Corp., 224 So.2d 405 (Fla.2d DCA 1969). This motion, if properly and timely served on the adverse party, stayed the rendition of the order dismissing the complaint with prejudice herein until the motion was denied. Behm v. Division of Administration, 288 So.2d 476 (Fla.1974); Snyder v. Gulf American Corp., supra.
*384 Fla.R.Civ.P. 1.530(b) provides that a motion for rehearing “shall be served not later than ten (10) days after the rendition of a verdict in a jury action or the entry of judgment in a non-jury action.” Service of such motion is complete upon mailing. Fla. R.Civ.P. 1.080(b). An order dismissing a complaint with prejudice is entered in a non-jury action when it has been recorded by the clerk. Investment Corp. of South Florida v. Florida Thoroughbred Breeders Association, 256 So.2d 227 (Fla.3d DCA 1972).
Since the order dismissing the plaintiff’s complaint with prejudice was recorded on December 22, 1976, the plaintiff ordinarily had until January 1, 1977, to serve and file his motion for rehearing on said order. January 1, 1977, however fell on a Saturday, which extended the time for service of filing of said motion until the next business day, Monday, January 3, 1977. Fla.R.Civ.P. 1.090(a). On that day, the plaintiff timely filed with the clerk and timely served by mailing to the defendants the motion for rehearing. The fact that defense counsel did not actually receive the pleading until the next day does not change this result.
The final order appealed from was therefore not rendered until January 18, 1977, when the trial court denied the motion for rehearing. And the appeal herein was timely filed when the plaintiff filed his notice of appeal within thirty (30) days after the denial of the motion for rehearing.
For the above reasons, the motion to dismiss the instant appeal is denied.