377 So.2d 1001 (1979)
Carolyn Oller DIBBLE, Appellant,
v.
Danny Dee DIBBLE, Appellee.
No. 79-1622.
District Court of Appeal of Florida, Third District.
December 17, 1979.
*1002 Harold A. Turtletaub, Miami, for appellant.
Sue Rose Samuels, North Miami Beach, for appellee.
Before PEARSON, HUBBART and SCHWARTZ, JJ.

On Motion to Dismiss Appeal
SCHWARTZ, Judge.
The issue presented by the appellee's motion to dismiss this appeal may be simply stated but is not nearly so easily resolved. It is whether the changed definition of "rendition" contained in the new Florida Rules of Appellate Procedure has the effect of simultaneously altering the time requirements for a motion for rehearing in a non-jury case as provided in rule 1.530(b) of the Rules of Civil Procedure. We hold that it does have that effect, and that such a motion must now be served within 10 days after the judgment in question is filed in the records of the court, rather than, as was previously the case, within 10 days of its recordation. Under this holding, the motion for rehearing in the instant case, and therefore the notice of appeal were both filed untimely. Hence, we grant the motion to dismiss.
The pertinent facts are as follows. On December 5, 1978, the final judgment of marriage dissolution was filed with the *1003 clerk of the trial court. On December 6, 1978, this final judgment was recorded by the clerk of the trial court. On December 18, 1978, the appellant filed and served a motion for rehearing of the final judgment. December 15, 16, 17, and 18, 1978, fell on Friday, Saturday, Sunday, and Monday, respectively. On July 18, 1979, the trial court denied the appellant's motion for rehearing. Less than 30 days later, on August 14, 1979, the appellant filed her notice of appeal with the clerk of the trial court.
The law is well-settled that the time within which an appeal may be taken to any court in this state "shall be prescribed by rule of the supreme court," § 59.081(1), Fla. Stat. (1977), and the "[f]ailure to invoke the jurisdiction of any such court within the time prescribed by such rules shall divest such court of jurisdiction to review such cause." § 59.081(2), Fla. Stat. (1977). By rule of the supreme court, a notice of appeal from a final judgment must be filed "within 30 days of rendition of the order to be reviewed." Fla.R.App.P. 9.110(b). Fla.App. Rule 1.3 previously stated that "[r]endition of a judgment ... means that it has been reduced to writing, signed and made a matter of record." The new rules have eliminated the recording requirement and now define the term "rendition" as used in Rule 9.110(b) to mean simply "the filing of a signed, written order with the clerk of the lower tribunal." Fla. R.App.P. 9.020(g). However, "[w]here there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing ..., the order shall not be deemed rendered until disposition thereof." Fla.R.App.P. 9.020(g); see former Fla. App. Rule 1.3, to the same effect. A motion for rehearing directed to a final judgment in a marriage dissolution action is an authorized motion under the rules, Home News Publishing Co. v. U-M Publishing, Inc., 246 So.2d 117, 119 (Fla. 1st DCA 1971), and to be timely must be served "not later than 10 days after ... the entry of judgment in a non-jury action," Fla.R. Civ.P. 1.530(b), and filed "either before service or immediately thereafter." Fla.R. Civ.P. 1.080(d).
The resolution of the present motion turns on the proper interpretation of the term "entry of judgment" in Fla.R.Civ.P. 1.530(b). If "entry" did not occur until the judgment was recorded on December 6, the motion for rehearing was timely and therefore suspended the rendition of the judgment until the motion was disposed of less than 30 days before the filing of the notice of appeal. This is the case because December 16, 1978, 10 days later, fell on a Saturday, and the motion for rehearing was served and filed as provided under Fla.R. Civ.P. 1.080(d) on the next succeeding Monday, December 18. On the other hand, the motion and thereafter the appeal were obviously untimely if the judgment was "entered" when filed on December 5. We reach the latter conclusion. We do so because of our belief that, in the absence of a specific definition of "entry" in either set of rules, the issue is controlled by the supreme court's determination of the requisite for the finality of judgments, as contained in its definition of "rendition" in Fla.R.App.P. 9.020(g). In other words, what is deemed final for appellate purposes when no motion for rehearing is filed, is likewise final for the purposes of determining when the motion itself must be served. Since that definition requires merely, as we have noted, the filing of a signed order with the clerk, the final judgment must be deemed to have been "entered" on December 5.
This result is required by the doctrine that rules promulgated by the supreme court which deal with the same subject matter should be construed together and in the light of each other, e.g., Jones v. Seaboard C.L.R. Co., 297 So.2d 861 (Fla. 2d DCA 1974); In re Cleary's Estate, 135 So.2d 428 (Fla. 2d DCA 1961), cert. dismissed, 146 So.2d 379 (Fla. 1962); 13 Fla.Jur.2d Courts and Judges § 176 (1979), so that incongruous results may, if possible, be avoided. Many such anomalies would arise if, contrary to our holding, an order is deemed final for one post-judgment purpose, but not for another. As in this very case, the times for filing a rehearing motion and a *1004 notice of appeal would run from different dates. In the not inconceivable situation of a judgment being recorded more than 30 days after its filing, the appellate time would expire before the time for filing a rehearing would even have begun to run. In the light of the statement in the court's commentary to Fla.R.App. 9.020(g) that the new definition of rendition was designed "to set a point from which certain procedural times could be measured," we conclude that the supreme court did not intend the 1978 appellate rules to have any such effect.
It must be acknowledged that there are many existing decisions which state that the time for serving a petition for rehearing runs from the date of recording, rather than filing. E.g., Palladeno v. Oesterle, 345 So.2d 382 (Fla. 3d DCA 1977); Borrego v. Kessler, 183 So.2d 695 (Fla. 2d DCA 1966); Bannister v. Allen, 127 So.2d 907 (Fla. 3d DCA 1961).[1] Perhaps paradoxically, we think that these cases support, rather than conflict with, our decision. This is so because each of them was decided when the "old" definition of "rendition" was in effect. They are thus fully consistent with the view that "entry" means whatever "rendition" does at the pertinent time.
As was indicated in McNitt v. Osborne, 371 So.2d 696 (Fla. 3d DCA 1979) in which the expressions "signed and filed," "entered," and "rendered" were employed almost interchangeably, we believe that the term "entry" in Fla.R.Civ.P. 1.530(b) has the meaning stated in Jackson v. Gish, 440 S.W.2d 121, 122-123 (Tex.Civ.App. 1969):
The `term "entry of judgment" is sometimes used in a general sense so as to include rendition of judgment'. 49 C.J.S. Judgments § 106, p. 229. Even the Supreme Court frequently uses the term `entered' as meaning `rendered' when the distinction is not significant. [footnote omitted] The use of the term `entered' in this sense by the bench and bar of this state has become so prevalent that it is a matter of common knowledge of which we take judicial notice.
See also Smith v. Smith, 194 So.2d 917 (Fla. 3d DCA 1967). Since the definition of "rendition" has changed, so has that of "entry."
For these reasons, the motion to dismiss is granted and the appeal is dismissed.
Appeal dismissed.
NOTES
[1] The fact that a final judgment in a civil case must be recorded under the terms of Sec. 28.29, Fla. Stat. (1975) has no bearing on the question of when it is "entered" under Fla.R.Civ.P. 1.530(b), cf. Leeward & Hart Aeronautical Corp. v. South Central Airlines, 184 So.2d 454, 455 (Fla. 1st DCA 1966); compare Smith v. Smith, 194 So.2d 917 (Fla. 3d DCA 1967), and cases cited. This is particularly true because of the provision in the statute that "[F]ailure to record an order or judgment shall not affect its validity."