DOWNEY, Judge.
Appellee has moved to dismiss this appeal on the ground that it is untimely and thus this court is without jurisdiction to entertain it.
The judgment appealed from is a final judgment of dissolution of marriage. The pertinent dates and events are:
June 22, 1979 Final judgment signed;
June 25, 1979 Final judgment filed with clerk;
June 27, 1979 Final judgment recorded;
July 6,1979 Motion for Rehearing served;
September 12,1979 Motion for Rehearing denied;
September 13, 1979 Notice of Appeal filed.
The issue presented involves the timeliness of the motion for rehearing served July 6, 1979, and its effect upon the timeliness of the notice of appeal. Resolution of those issues requires a determination of the meaning of “entry of judgment” as that term is used in Florida Rule of Civil Procedure 1.530(b), which provides, in material part, that a motion for rehearing shall be served not later than 10 days after entry of judgment in a non-jury action.
Florida Rule of Appellate Procedure 9.110(b), provides that jurisdiction of the appellate court is invoked by the filing of a notice of appeal within 30 days of rendition of the order to be reviewed. “Rendition” is defined in Rulé 9.020(g), as the filing of a signed written order with the clerk of the lower tribunal. Of course, the filing of a timely motion for rehearing suspends the rendition date until the motion for rehearing has been disposed of.
In the case at bar, if entry of judgment as provided in Rule 1.530(b) means the date the judgment was recorded, as the appellant contends, then the motion for rehearing, served July 6, 1979, was timely and we have jurisdiction. On the other hand, if, as the appellee contends, the entry of judgment is the date the signed written order is filed with the clerk, then the motion for rehearing was untimely and we do not have jurisdiction.
Until the appellate rule defining “rendi-. tion” (Rule 9.020(g) was changed, effective March 1, 1978, the law in this jurisdiction was clear that “rendition” and “entry of judgment” were synonymous (insofar as Rule 1.530(b) is concerned) and meant the date the judgment was recorded. See, e. g., Palladeno v. Oesterle, 345 So.2d 382 (Fla.3d DCA 1977). However, as amended March 1, 1978, “rendition” means the date the signed written judgment is filed with the clerk. So the question arises, did the change in the meaning of “rendition” also change the meaning of “entry of judgment”?
This very issue was decided recently by the Third District Court of Appeal in an opinion authored by Judge Alan Schwartz *3 in Dibble v. Dibble, 377 So.2d 1001 (Fla.3d DCA 1979). It was held there that the change in definition of “rendition” by implication changed the definition of “entry of judgment” because:
[I]n the absence of a specific definition of “entry” in either set of rules, the issue is controlled by the supreme court’s determination of the requisite for the finality of judgments, as contained in its definition of “rendition” in Fla.R.App.P. 9.020(g). In other words, what is deemed final for appellate purposes when no motion for rehearing is filed, is likewise final for the purposes of determining when the motion itself must be served. 377 So.2d at 1003.
We agree with the analysis of the issue and the holding in Dibble. However, the appellant has seriously questioned the correctness of the Dibble holding. Recognizing the importance of the question involved, we feel compelled to certify the following question to the Supreme Court of Florida, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(ii) as passing upon a question of great public importance:
Is the term “entry of judgment”, as used in Florida Rule of Civil Procedure 1.530(b), synonymous with the term “rendition”, as used in Florida Rule of Appellate Procedure 9.020(g)?
The appellee wife, in Case No. 79-2008, has filed an appeal in Case No. 79-2037 to review the order of the trial court denying her motion to strike the husband’s petition for rehearing as untimely. Having heretofore disposed of the husband’s petition for rehearing as untimely, this appeal should be dismissed.
Accordingly, both of these appeals are consolidated and they are both dismissed.
APPEALS DISMISSED.
ANSTEAD and MOORE, JJ., concur.