404 So.2d 1046 (1981)
James D. CASTO, Petitioner,
v.
Donna L. CASTO, Respondent.
No. 59255.
Supreme Court of Florida.
July 16, 1981.
Rehearing Denied November 12, 1981.
DuBose Ausley of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee and Talbot D'Alemberte of Steel, Hector & Davis, Miami, for petitioner.
S. Robert Zimmerman, Pompano Beach, James H. Walden, Dania and Edna L. Caruso, West Palm Beach, for respondent.
Henry P. Trawick, Jr., Sarasota, Julian D. Clarkson, Tampa and Tobias Simon, Miami, for amici curiae.
BOYD, Justice.
This cause is before the Court on petition for certiorari to review the decision in Casto v. Casto, 388 So.2d 1 (Fla. 4th DCA 1980). The decision was a dismissal of petitioner's appeal as untimely filed under Florida Rule of Appellate Procedure 9.110(b). The district court of appeal certified that its decision passed upon a question of great public importance. We therefore have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We quash the decision and order the appeal reinstated.
The petitioner and the respondent were parties to a dissolution of marriage proceeding. On June 22, 1979, a written final judgment was signed. On June 25, 1979, the judgment was filed with the clerk of the court. On June 27, 1979, the judgment was recorded. The petitioner moved for rehearing, serving his motion on July 6, *1047 1979. On September 12, 1979, the court denied the motion and the petitioner filed his notice of appeal the same day.
The district court held that it had no jurisdiction of the appeal because, since the motion for rehearing was filed untimely, it did not postpone the time of the judgment's rendition, with the result that the notice of appeal was untimely as well.
Florida Rule of Appellate Procedure 9.110(b) provides that the jurisdiction of an appellate court is "invoked" by filing notice of appeal as provided therein "within 30 days of rendition of the order to be reviewed."[1] "Rendition (of an order)" is defined as "the filing of a signed, written order with the clerk of the lower tribunal." Fla.R.App.P. 9.020(g). The filing of a timely motion for rehearing, however, suspends the rendition of the order. That is, in the event of such a motion, "the order shall not be deemed rendered until disposition thereof." Id.
Florida Rule of Civil Procedure 1.530(b) requires that a motion for rehearing must be served "not later than 10 days after the ... entry of judgment in a non-jury action." The district court's holding that the notice of appeal was untimely filed was grounded on its conclusion that the petitioner's motion for rehearing, not having been filed within the time allowed, did not effectively stay the rendition of the final judgment. The essential question, therefore, is whether the motion for rehearing was served "not later than 10 days after the ... entry of judgment" as governed by Florida Rule of Civil Procedure 1.530(b). Because of the circumstances of this case, resolution of this question requires a decision on the question of when "entry of judgment" took place.
The district court of appeal expressed the issue as follows:
In the case at bar, if entry of judgment as provided in Rule 1.530(b) means the date the judgment was recorded, as the appellant contends, then the motion for rehearing, served July 6, 1979, was timely and we have jurisdiction. On the other hand, if, as the appellee contends, the entry of judgment is the date the signed written order is filed with the clerk, then the motion for rehearing was untimely and we do not have jurisdiction.
Casto v. Casto, 388 So.2d at 2. The court held that "entry of judgment" means the date the signed written judgment is filed with the clerk. The court reasoned that, previous to the adoption of the new Florida Rules of Appellate Procedure, In Re Proposed Florida Appellate Rules, 351 So.2d 981 (Fla. 1977), the terms "rendition of judgment" and "entry of judgment" had come to mean the same thing. The 1977 revision explicitly changed the definition of "rendition" so that it no longer refers to the recording of a judgment and now refers to the its filing. Compare Fla.R.App.P. 9.020(g) (1977) with Fla.App.R. 1.3 (1962). Therefore, the court concluded, the term "entry of judgment" as used in civil Rule 1.530(b) must be construed to refer to the filing date, so as to maintain uniformity and consistency between the appellate rules and the civil procedure rules on this matter of when a judgment is final.
The district court cited Dibble v. Dibble, 377 So.2d 1001 (Fla.3d DCA 1979), where the same question was presented. The court there reasoned that because there is no specific definition in either the civil or the appellate rules of the term "entry of judgment,"
the issue is controlled by the supreme court's determination of the requisite for the finality of judgments, as contained in its definition of "rendition" in Fla.R. App.P. 9.020(g). In other words, what is deemed final for appellate purposes when no motion for rehearing is filed, is likewise final for the purposes of determining when the motion itself must be served... . [T]hat definition requires merely, as we have noted, the filing of a signed order with the clerk... .
*1048 Id. at 1003. The district court in the instant case adopted this reasoning. On this basis it dismissed the appeal as untimely.
As framed by the district court of appeal, the certified question of great public importance is:
Is the term "entry of judgment," as used in Florida Rule of Civil Procedure 1.530(b), synonymous with the term "rendition" as used in Florida Rule of Appellate Procedure 9.020(g)?
Casto v. Casto, 388 So.2d at 3. We answer the question in the negative.
The petitioner contends that the court below, and the Dibble court before it, erred in holding that "entry of judgment" as used in Florida Rule of Civil Procedure 1.530(b) has the same meaning as "rendition" as used in the Florida Rules of Appellate Procedure. He argues that "entry of judgment" had a well defined meaning before the adoption of the new appellate rules, and suggests that nothing in the general revision of the appellate rules compels any particular conclusion regarding the construction to be given to the civil procedure term under consideration. We agree.
At common law, "rendition" of judgment and "entry" of judgment had two separate and readily distinguishable meanings. "Rendition" meant the judicial act of deciding the controversy and pronouncing the judgment of the court. "Entry" meant the ministerial act, typically the responsibility of the clerk of the court, of "spreading the judgment rendered upon the court's official records." Williams v. State, 324 So.2d 74, 78 (Fla. 1975).
In Williams, this Court recognized that these common law definitions of the terms were at variance with the meanings accorded the terms as used in the then-existing Florida Appellate Rules. The adoption of Florida Appellate Rule 1.3, however, had "harmonized these two definitions by making them synonymous." Williams v. State, 324 So.2d at 78. The definition of "rendition" provided by Rule 1.3, the Court said, was to apply not only to that word as used in the appellate rules, but also to the term entry of judgment, "for appellate purposes." Id. at 79.
It is well settled that "entry of judgment" under Florida Rule of Civil Procedure 1.530(b) means the recording of the judgment  the spreading of the judgment upon the court's official records. See, e.g., Palladeno v. Oesterle, 345 So.2d 382 (Fla. 3d DCA 1977); Becker v. King, 307 So.2d 855 (Fla. 4th DCA), cert. dismissed, 317 So.2d 76 (Fla. 1975); Borrego v. Kessler, 183 So.2d 695 (Fla. 2d DCA 1966); Bannister v. Allen, 127 So.2d 907 (Fla. 3d DCA 1961). The respondent urges that we approve the district court's conclusion that a new and different construction of this civil procedure term is needed because this Court changed the definition of "rendition" when it promulgated the new appellate rules. We decline to do so. Williams pointed out that the two concepts had come to have the same meaning for appellate purposes. It does not follow, however, that an explicit change of definition in the appellate rules requires a different interpretation of a civil procedure term having a settled meaning under the Florida Rules of Civil Procedure.
The district court of appeal erred in holding that the time for service of petitioner's motion for rehearing ran from the date of rendition. The time period should have been measured from the time of the recording of the judgment. Therefore the motion was timely filed and stayed the rendition of the judgment, for purposes of calculating the time for filing the notice of appeal, until the motion was disposed of. It follows that the notice of appeal was timely filed and the district court's appellate jurisdiction was properly invoked.
We quash the decision of the district court of appeal, vacate its order of dismissal, and remand with directions to hear the petitioner's appeal.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON and ENGLAND, JJ., concur.
ALDERMAN and McDONALD, JJ., dissent.
NOTES
[1] Florida Rule of Appellate Procedure 9.020(e) defines "Order" as "a decision, order, judgment, decree or rule of a lower tribunal, excluding minutes and minute book entries."