ADKINS, Justice.
The Fourth District Court of Appeal (Grabarnick v. Florida Homeowners Ass’n, 395 So.2d 1184 (Fla. 4th DCA 1981)), has certified a question to this Court as of great public importance. Jurisdiction is pursuant to article Y, section 3(b)(4), Florida Constitution.
The facts giving rise to the certified question are as follows: The judgment in the instant case was entered by the court on May 30, 1980 and was filed in the clerk’s office on that date. The final judgment was mailed by the clerk to parties on Monday, June 2, 1980. Petitioners served their motion for rehearing on June 10, 1980, 11 days after the court entered its judgment and the judgment was filed with the clerk. There is no indication in the Court file as to when the judgment was recorded by the clerk.
The question as phrased by the petitioners and certified by the district court is:
Must Fla.R.Civ.P. 1.080(h), 1.090(e) and 1.530(b) be read together so as to provide that a motion for rehearing of a final judgment of a circuit court which is served 11 days after rendition and six days after receipt of the final judgment, is timely served so as to toll the time period for the filing of a notice of appeal of the final judgment?
After a careful examination of these rules, we answer the certified question in the negative. Rule 1.090(e) does not deal with the same subject matter as do the other two rules. Rule 1.090(e) concerns the right or requirement “to do some act or [to] take some proceeding within a prescribed period after the service of a notice or other paper ... and the notice or paper is served ... by mail....” (Emphasis added.) The time for filing a petition for rehearing under rule 1.530 begins to run from the date the judgment is entered and not the date a party has been served with a pleading or other paper, as provided by rule 1.090(e).
Petitioners argue that because a final judgment is served upon the parties by mail, and because a corresponding motion for rehearing is also served by mail, that the party serving the motion for rehearing has an additional three days in which to do so pursuant to rule 1.090(e). We do not read the rule to extend by three days the time within which to serve a motion for rehearing. (By subsequent rule it is now five days).
We turn now to the issue of the meaning of the term “entry of judgment” in Fla.R.Civ.P. 1.530(b). In July of 1981 this Court decided the case of Casto v. Casto, 404 So.2d 1046, 1048 (Fla.1981). We stated in Casto that “... ‘entry of judgment’ under Florida Rule of Civil Procedure 1.530(b) means the recording of the judgment — the spreading of the judgment upon the court’s official records.” (Citations omitted.) Prior to this decision there was some legitimate question about whether the term “entry of judgment” as used in rule 1.530(b) referred to the date the judgment was (1) entered by the court; (2) filed with the clerk of the court; or (3) recorded by the clerk of the court. Casto makes clear that the date of recording is the date from which the time to move for a rehearing *1067 should begin to run. Casto was decided after the district court’s decision in Grabar-nick.
We quash the decision of the district court dismissing the appeal as untimely and remand the cause for further consideration in accordance with the views expressed in Casto and this opinion.
It is so ordered.
BOYD, OVERTON and SUNDBERG, JJ, concur.
McDONALD, J., dissents with an opinion, with which ALDERMAN, C. J., concurs.