OPINION ON REHEARING
ANSTEAD, Judge.
The court previously granted a motion to dismiss this appeal which alleged that the appeal was untimely because its timeliness was predicated on an untimely served motion for rehearing in the trial court. Florida Rule of Civil Procedure 1.530(b) provides that a motion for rehearing shall be served not later than ten days after entry of judgment in a non-jury action. The final summary judgment to which appellant’s motion for rehearing was directed was signed and filed on December 7, 1981. It is undisputed that appellant filed his motion for rehearing in the trial court on December 17, 1981, and served it on appellee on December 18. Initially, it appeared that the motion was untimely and that dismissal was justified under the holding of Behm v. Division of Administration, 288 So.2d 476, 478 (Fla.1974), citing Miami Transit Company v. Ford, 155 So.2d 360, 372 (Fla.1963), that service of the motion is the critical act which must be done within a specific time.
However, in Casto v. Casto, 404 So.2d 1046 (Fla.1981), reversing the opinion of this court at 388 So.2d 1 (Fla. 4th DCA 1980), the Supreme Court interpreted “entry of judgment” under Florida Rule of Civil Procedure 1.530(b) as occurring with the recording of the judgment. Although signed and filed on December 7, 1981, it appears that the judgment in this case was not recorded until December 9, making service of the motion for rehearing on December 18 timely. Accordingly, the appeal should not have been dismissed and should now be reinstated.
APPEAL REINSTATED.
BERANEK and HERSEY, JJ., concur.