PER CURIAM.
Mose King, Jr. filed a motion pursuant to Florida Rule of Criminal Procedure 3.850 titled “Motion to Vacate Judgment and Sentence;” he signed it January 4, 1982. The court denied the motion March 10 and, pursuant to Rule 3.850, gave King fifteen days within which to file for rehearing or thirty days to appeal. King opted to file a motion for rehearing which he signed March 25; however, it was not filed with the Circuit and County Court Clerk until April 5. The trial court summarily denied this motion on April 8, but the order was not recorded until April 9, and King’s notice of appeal was recorded May 10.
Florida Rule of Criminal Procedure 3.850 provides in part:
An appeal may be taken to the appropriate appellate court from the order entered on the motion as from a final judgment on application for writ of habeas corpus. All orders denying motions for post-conviction relief shall include a statement that the movant has the right to appeal within thirty days of the rendition of the order. The prisoner may file a motion for rehearing of an order denying a motion under this rule within fifteen days of the date of service of the order.
(Emphasis supplied.) King’s motion for rehearing, signed within fifteen days of the court’s order denying his motion, was not filed with the court until April 5, twenty-six days after the order was recorded.
It has been said that “[although a motion for rehearing is authorized by Rule 3.850, it must be filed within fifteen days of the service of the order” denying the motion for post-conviction relief. Williams v. State, 392 So.2d 323, 323 (Fla. 1st DCA 1980), appeal dismissed, 399 So.2d 1147 (Fla.1981). Since King’s motion for rehearing was not filed within the fifteen days, it was untimely. Id. Therefore, the notice of appeal, which was predicated on the untimely motion for rehearing, see Southern Atlantic Construction Corp. v. First Corp. of DeSoto County, 419 So.2d 729 (Fla. 4th DCA 1982), and was recorded exactly two months from recording of the order denying the Rule 3.850 motion, also was untimely. Fla.R. App.P. 9.110(b). Thus, we dismiss King’s appeal. See Mathis v. State, 419 So.2d 774 (Fla. 1st DCA 1982).
HERSEY, GLICKSTEIN and WALDEN, concur.