WARNER, Judge,
concurs specially.
The question raised in this petition is whether or not the one year time period available to file a motion under Florida Rule of Civil Procedure 1.540(b)(3) runs from the entry of the final judgment or from the date of an order denying a timely motion for new trial. The approach of Pruitt v. Brock, 437 So.2d 768 (Fla. 1st DCA 1983), was to substitute the concept of “rendition” of the judgment as contained in Florida Rule of Appellate Procedure 9.020(g) for entry of a judgment. In connection with Florida Rule of Civil Procedure 1.530(b), the Supreme Court held in Casto v. Casto, 404 So.2d 1046 (Fla.1981), that “entry of judgment” means the recording of the judgment or spreading of the judgment on the court’s official records, a concept different than “rendition.” Of course, after Casto, Rule 1.530 was amended to delete that term. Nevertheless, the Pruitt court did not follow Casto and thus “entry of judgment” was interpreted differently in Rule 1.540(b).
There seems to me to be another reason to adopt the Pruitt conclusion that a timely filed motion for rehearing tolls the time for bringing a Rule 1.540(b) motion which can be gleaned from the rule itself. That rule provides:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment. ...
Rule 1.540 encompasses the concept of finality of the judgment, whereas the version of Rule 1.530 considered in Casto does not. Finality requires the end of judicial labor, as Pruitt suggests. In Casto the judgment entered was not necessarily the final judgment, had a timely motion for rehearing been served. To adopt petitioner’s reasoning as applied to Rule 1.540(b) would require the period to run from the time the judgment is entered even though upon motion for rehearing the court might grant the motion and render an amended final judgment. I do not think that the rule contemplates such a result.
For these reasons I concur.