609 So.2d 664 (1992)
Julian DOMINGUEZ, et al., Appellants,
v.
Maurice S. BARAKAT, J.D.M., et al., Appellees.
No. 91-2833.
District Court of Appeal of Florida, Third District.
November 24, 1992.
Joseph M. Wehby, Miami, for appellants.
Maria Brea Lipinski and John H. Lipinski, Miami, for appellees.
Before SCHWARTZ, C.J., and COPE and GERSTEN, JJ.
SCHWARTZ, Chief Judge.
The appeal is dismissed as untimely because the rendition of the final judgment, which was filed on May 24, 1991, was not postponed under Fla.R.App.P. 9.020(g) by the appellees' motion for rehearing. This is true, in turn, because that motion was untimely served eleven days later, on June 4, 1991, beyond the ten-day limitation provided by Fla.R.Civ.P. 1.530(b). Contrary to the appellants' position, the time for service was not extended by the five days provided by Fla.R.Civ.P. 1.090(e) because the final judgment was mailed to counsel. As the rule specifically states, it applies only when there is "a prescribed period after... service ... and the notice or *665 paper is served ... by mail." [emphasis supplied] Fla.R.Civ.P. 1.090(e). In contrast, the ten-day service requirement of Fla.R.Civ.P. 1.530(b) runs from "the filing of the judgment." [e.s.] See Grabarnick v. Florida Homeowners Ass'n, 419 So.2d 1065 (Fla. 1982);[1]D'Best Laundromat, Inc. v. Janis, 508 So.2d 1325 (Fla. 3d DCA 1987); Wilson v. Clark, 414 So.2d 526 (Fla. 1st DCA 1982); see also Shields v. Colonial Penn Ins. Co., 513 So.2d 1363 (Fla. 5th DCA 1987); Bouchard v. State Dep't of Business Regulation, 448 So.2d 1126 (Fla. 2d DCA 1984).
For this reason, this appeal, filed on November 20, 1991, only after the untimely motion for rehearing had been denied on October 24, 1991, was taken more than thirty days after the "unsuspended" rendition of the final judgment. Therefore, the appeal is
Dismissed.
NOTES
[1] The appellants' reliance on Grabarnick for the claim that the rehearing time runs from the recording of the judgment on May 28, 1991, is misplaced because 1.530(b), which had referred to the "entry" of the judgment, has since been specifically amended to read "filing."