787 So.2d 926 (2001)
Charles Edward FISHER, Jr., Appellant,
v.
Vicki Wilson FISHER, Appellee.
No. 2D99-3473.
District Court of Appeal of Florida, Second District.
May 18, 2001.
*927 J. Stanford Lifsey of J. Stanford Lifsey, P.A., Tampa,[1] and Jeanne L. Coleman, Tampa, for Appellant.
Charles Edward Fisher, Jr., pro se.
David A. Maney and Lorena L. Kiely of Maney, Damsker & Jones, P.A., Tampa, for Appellee.
PARKER, Acting Chief Judge.
Charles Fisher (the Husband) challenges the trial court's order denying his motion to conform the final judgment to the settlement agreement, finding him in contempt, and awarding Vicki Fisher (the *928 Wife) attorneys' fees as a sanction. We reverse all aspects of this order and remand for further proceedings.
The Wife filed a petition for dissolution of marriage in 1996. The Husband answered and filed a counterpetition. During the pendency of the action, the trial court entered two separate orders dealing with temporary alimony and child support. At the final hearing in 1999, the parties reached an oral settlement agreement, the terms of which were read into the record of the hearing. The trial court signed the final judgment on March 9, 1999, and filed it with the clerk of court on March 23, 1999. The final judgment was recorded in the official court records on March 30, 1999. Two days later, on April 1, 1999, the Husband filed a motion to conform the written final judgment to the oral settlement agreement announced in open court. Before any hearing occurred on the Husband's motion, the Wife filed a motion for contempt alleging that the Husband had failed to comply with the terms of the final judgment.
At the hearing on both motions, the trial court denied the Husband's motion to conform the written final judgment to the oral settlement agreement, finding that the motion was untimely filed. The trial court then found the Husband in contempt for failing to comply with certain aspects of the written final judgment, including the Husband's failure to execute a quitclaim deed to the marital home, failure to pay the Wife for some professional football tickets, failure to pay his portion of the premiums on a life insurance policy, failure to pay outstanding medical bills for the parties' sons, failure to pay his portion of one son's prepaid college fund, and failure to pay child support arrearages. Finally, the trial court sanctioned the Husband by awarding the Wife a portion of her attorneys' fees for "enforcement of the Final Judgment." The Husband timely appealed from this order.

ORDER DENYING THE HUSBAND'S MOTION TO CONFORM THE FINAL JUDGMENT TO THE SETTLEMENT AGREEMENT.
The trial court denied the Husband's motion to conform the final judgment to the settlement agreement because it found that the motion was untimely filed. Because of this ruling, the trial court did not address the merits of the Husband's motion. This ruling was in error.
Florida Rule of Civil Procedure 1.530(g) requires that a motion to alter or amend a final judgment be served no later than ten days after entry of the judgment.[2] The rule does not define the phrase "entry of the judgment." However, the Florida Supreme Court has held that the phrase "entry of the judgment" refers to the date on which the judgment is recorded in the court's official records. Casto v. Casto, 404 So.2d 1046, 1048 (Fla.1981).[3]See also *929 Gilbert v. K-Mart Corp., 664 So.2d 335, 338 (Fla. 1st DCA 1995); Travelers Indem. Co. v. Walker, 401 So.2d 1147, 1149 (Fla. 3d DCA 1981). Therefore, under Casto, a party has ten days from the date the judgment is filed in the court's official records in which to file a motion to amend or alter the final judgment.
In this case, the trial court found the Husband's motion untimely because it considered the entry of the judgment to have occurred on March 9, 1999, when the judge signed the judgment. This is incorrect under clear supreme court precedent. The date of "entry of the judgment" was March 30, 1999, and the Husband's motion was filed on April 1, 1999. This is clearly within the ten-day period allowed by rule 1.530. Thus, the Husband's motion to conform the final judgment to the settlement agreement was timely filed, and the trial court should have considered the merits of the Husband's motion.
The Wife argues that any error in denying the Husband's motion as untimely is harmless because the final judgment accurately reflects the oral settlement agreement read into the record by the parties. We disagree because a comparison of the transcript of the final hearing with the written final judgment reveals several discrepancies. For example, the Wife claims that the provision in the final judgment concerning increased child support when the Husband waives visitation was announced at the final hearing. She argues that the transcript reflects that the parties incorporated all of the visitation provisions from one of the trial court's prior orders into the final judgment and that those provisions included the one for increased child support when visitation is waived. However, a review of the transcript of the hearing shows that the only agreement was that the "visitation schedule" would be as provided in the prior order. The "visitation schedule" was alternating weekends, with the Husband to pick up the child at the marital home at 6 p.m. on Fridays and drop him off at the marital home at 6 p.m. on Sundays. The settlement agreement incorporating this "visitation schedule" did not necessarily encompass any agreement as to the provision for increased child support. Thus, it is possible that the Husband's motion is meritorious on this issue.
Similarly, the provision in the final judgment finding the Husband $576.92 in arrears on child support is not supported by anything in the record. As the Wife concedes, there was no discussion or agreement at the final hearing about the Husband being in arrears on child support or alimony. Further, no evidence was presented at the final hearing that the Husband was in arrears at all. Therefore, at a minimum, this provision must be stricken from the final judgment.
These two errors are apparent from the record. There are other alleged discrepancies that may in fact be errors but which cannot be said to be so based strictly on the record. Because there are errors in the final judgment that are apparent from the face of the record and because the trial court did not consider the Husband's arguments due to its finding that the Husband's motion was untimely, the trial court's order must be reversed and the case remanded to the trial court for further proceedings to consider the merits of the Husband's motion.

ORDER FINDING THE HUSBAND IN CONTEMPT.
After denying the Husband's motion to conform the final judgment to the settlement agreement, the trial court found the Husband in contempt for failure to comply with several of the provisions in the final judgment. This order must be *930 reversed for three reasons. First, the Husband cannot be found in contempt for failing to pay the Wife for the professional football tickets because debts not involving support cannot be enforced by contempt. Montanez v. Montanez, 697 So.2d 184, 185 (Fla. 2d DCA 1997); Whelan v. Whelan, 736 So.2d 732 (Fla. 4th DCA 1999); Porter v. Porter, 521 So.2d 290 (Fla. 1st DCA 1988). In this case, the final judgment does not award the football tickets as alimony or support, and the trial court cannot deem them support after the fact when the Wife is seeking enforcement by contempt. Second, the Husband cannot be held in contempt for failing to sign the quitclaim deed when the final judgment itself operated to transfer the property to the Wife if the Husband did not sign a quitclaim deed. Third, the trial court should not have held the Husband in contempt for failing to make payments he was specifically contesting in his timely filed motion to conform the final judgment. Therefore, we reverse the trial court's order finding the Husband in contempt.

ORDER AWARDING ATTORNEYS' FEES TO THE WIFE.
After denying the Husband's motion and finding him in contempt, the trial court awarded the Wife attorneys' fees as a sanction "for the unnecessary hearing that we've had here today." The court awarded $2,839.27 in fees for "enforcement of the Final Judgment." Because the Husband's motion was timely filed and appears to have at least some merit, the hearing was not unnecessary and the trial court should not have sanctioned the Husband through an award of fees.
The trial court's order is reversed in its entirety, and this case is remanded to the trial court for a hearing on the merits of the Husband's motion to conform the final judgment to the settlement agreement.
Reversed and remanded.
DAVIS, J., and DANAHY, PAUL W., (Senior) Judge, Concur.
NOTES
[1] Following the filing of the initial brief in the appeal, Mr. Lifsey was removed from participating in this appeal by order of this court based upon a trial court order disqualifying Mr. Lifsey from participating in the trial court.
[2] While this case is governed by the Florida Family Law Rules of Procedure, Family Law Rule 12.530 states that motions to amend a judgment shall be governed by the provisions of Florida Rule of Civil Procedure 1.530. Therefore, the provisions of rule 1.530 and the case law interpreting that rule apply to the resolution of this case.
[3] The outcome of Casto v. Casto, 404 So.2d 1046 (Fla.1981), has been changed by amendments to the rules of civil procedure which replaced the phrase "entry of judgment" with either "filing of judgment" or "rendition of judgment." R.S. Johnson v. Citizens State Bank, 518 So.2d 410, 411 n. 3 (Fla. 1st DCA 1988) (noting that the actual outcome of Casto has been essentially overruled by changes in the language of the rule at issue). However, the answer to the certified question at issue in Casto concerning the interpretation of the phrase "entry of judgment" has not been overruled or receded from, and the section of rule 1.530 at issue in this case still retains the phrase "entry of judgment."