# Supreme Court of Florida

_____

No. SC21-1411

_____

**IN RE: AMENDMENTS TO THE FLORIDA PROBATE RULES—
2021 FAST-TRACK REPORT.**

November 4, 2021

PER CURIAM.

The Florida Bar's Probate Rules Committee (Committee) has filed a "fast-track" report proposing amendments to the Florida Probate Rules in response to recent legislation. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.140(e). We have jurisdiction[1] and adopt the amendments as proposed.

The Committee proposes amendments to the following rules: 5.020 (Pleadings; Verification; Motions); 5.200 (Petition for Administration); 5.320 (Oath of Personal Representative); 5.340 (Inventory); 5.402 (Notice of Lien on Protected Homestead); 5.403 (Proceedings to Determine Amount of Lien on Protected Homestead);

_____

1. *See* art. V, § 2(a), Fla. Const.

5.404 (Notice of Taking Possession of Protected Homestead); 5.405 (Proceedings to Determine Protected Homestead Real Property); and 5.555 (Guardianships of Minors).  The amendments implement changes to chapters 69 and 736, Florida Statutes, made by chapter 2021-183, Laws of Florida, and to chapter 733, Florida Statutes, made by chapter 2021-221, Laws of Florida, which took effect on July 1, 2021.  *See* ch. 2021-183, §§ 1, 5, 12, Laws of Fla.; ch. 2021-221, § 2, Laws of Fla.

The Executive Committee of the Board of Governors of The Florida Bar unanimously approved the Committee's proposals.  The Committee did not publish the proposals before filing them with the Court.  After considering the Committee's proposals and the relevant legislation, we amend the Florida Probate Rules as proposed by the Committee.  The more significant amendments are discussed below.

First, pertaining to rule 5.200 (Petition for Administration), new subdivision (k)(2) is added to require that petitions for administration contain a statement whether the personal representative seeking appointment has been convicted in any state or foreign jurisdiction of abuse, neglect, or exploitation of an elderly

person or a disabled adult, as those terms are defined in section 825.101, Florida Statutes. *See* ch. 2021-221, § 2, Laws of Fla. (enacting § 733.303(1)(b), Fla. Stat. (2021)). The remaining subdivisions are renumbered accordingly.

Next, the form within rule 5.320 (Oath of Personal Representative) is amended to include an affirmative statement that the personal representative has not been convicted in any state or foreign jurisdiction of abuse, neglect, or exploitation of an elderly person or a disabled adult. *See id.* Additionally, the notary block in the form is updated to reflect the option for online notarization.

Last, rule 5.405 (Proceedings to Determine Protected Homestead Real Property) is renamed "Proceedings to Determine Protected Homestead Status of Real Property." Subdivision (a) (Petition) is amended to provide that a petition may be filed pursuant to rule 5.405 to determine the protected homestead status of real property owned by a trust as described in section 733.707(3), Florida Statutes (2021), and new subdivision (b)(5) is added to require that a petition filed pursuant to rule 5.405 state "how the real property was owned at the time of the decedent's

death." *See* ch. 2021-183, §§ 5, 12, Laws of Fla. (enacting §§ 736.0201(7) and 736.1109, Fla. Stat. (2021)).

Accordingly, the Florida Probate Rules are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall take effect immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[2]

---

2. All comments must be filed with the Court on or before January 18, 2022, with a certificate of service verifying that a copy has been served on the Committee Chair, Cady Lynne Huss, Spivey & Huss, P.A., 645 South Orange Avenue, Sarasota, Florida 34236, cady@spiveyhuss.com, and on the Bar Staff Liaison to the Committee, Krys Godwin, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, kgodwin@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until February 8, 2022, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Probate Rules

Cady L. Huss, Chair, Florida Probate Rules Committee, Sarasota, Florida, Joshua E. Doyle, Executive Director, and Krys Godwin, Staff Liaison, The Florida Bar, Tallahassee, Florida,

     for Petitioner

---

comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

# APPENDIX

## RULE 5.020.   PLEADINGS; VERIFICATION; MOTIONS

**(a) – (e)**   [No Change]

### Committee Notes

The time for determining when a motion for rehearing must be served has been clarified in view of *Casto v. Casto,* 404 So. 2d 1046 (Fla. 1981).

### Rule History

[No Change]

### Statutory References

[No Change]

### Rule References

Fla. Prob. R. 5.025 Adversary proceedings.

Fla. Prob. R. 5.200 Petition for administration.

Fla. Prob. R. 5.205(b) Filing evidence of death.

Fla. Prob. R. 5.320 Oath of personal representative.

Fla. Prob. R. 5.330 Execution by personal representative.

Fla. Prob. R. 5.350 Continuance of unincorporated business or venture.

Fla. Prob. R. 5.370(a) Sales of real property where no power conferred.

Fla. Prob. R. 5.405(b) Proceedings to determine homestead status of real property.

Fla. Prob. R. 5.530 Summary administration.

Fla. Prob. R. 5.550 Petition to determine incapacity.

Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.

Fla. Prob. R. 5.600 Oath.

Fla. Prob. R. 5.649 Guardian advocate.

Fla. R. Civ. P. 1.530 Motions for new trial and rehearing; amendments of judgment.

## RULE 5.200.   PETITION FOR ADMINISTRATION

The petition for administration shall be verified by the petitioner and shall contain:

(a) - (j)    [No Change]

(k)    a statement that the personal representative seeking appointment is qualified to serve under the laws of Florida as a business entity under section 733.305, Florida Statutes, or, if an individual, that the person is qualified to serve under the laws of Florida, including:

(1)    [No Change]

(2)    whether the person has been convicted in any state or foreign jurisdiction of abuse, neglect, or exploitation of an elderly person or a disabled adult, as those terms are defined in section 825.101, Florida Statutes;

(3)    that the person is mentally and physically able to perform the duties of a personal representative;

(34)  that the person is 18 years of age or older; and

(4<u>5</u>)  whether the person is a resident of Florida and, if not a resident, a statement of the person's relationship to the decedent in accordance with section 733.304, Florida Statutes.

## Committee Notes

### Rule History

1977 Revision - 2020 Revision  [No Change]

<u>2021 Revision: Subdivision (k) amended to require a statement as to whether the personal representative seeking appointment has been convicted of abuse, neglect, or exploitation of an elderly or disabled adult.</u>

### Statutory References

§ 731.201(23), Fla. Stat. General definitions.

§ 731.301, Fla. Stat. Notice.

§ 732.522, Fla. Stat. Method and place of execution.

§ 732.526, Fla. Stat. Probate.

§ 733.202, Fla. Stat. Petition.

§ 733.301, Fla. Stat. Preference in appointment of personal representative.

§ 733.302, Fla. Stat. Who may be appointed personal representative.

§ 733.303, Fla. Stat. Persons not qualified.

§ 733.304, Fla. Stat. Nonresidents.

§ 733.305, Fla. Stat. Trust companies and other corporations and associations.

§ 825.101, Fla. Stat. Definitions.

**Rule References**

[No Change]

## RULE 5.320.   OATH OF PERSONAL REPRESENTATIVE

Before the granting of letters of administration, the personal representative shall file an oath to faithfully administer the estate of the decedent. The oath shall also contain a statement that the personal representative has reviewed the statutes relating to the requirements for appointment as personal representative, that the personal representative is qualified to serve, and that the personal representative has a continuing duty to file and serve a notice upon the occurrence of an event that would disqualify the personal representative. If the petition is verified by the prospective personal representative individually, the oath may be incorporated in the petition or in the designation of resident agent. The oath shall substantially comply with the following form:

[CAPTION]

OATH OF PERSONAL REPRESENTATIVE

STATE OF _____
COUNTY OF _____

I, _____, (Affiant), state under oath that:

1.    I am qualified within the provisions of sections 733.302, 733.303, and 733.304, Florida Statutes, to serve as personal representative of the estate of _____, deceased. I have reviewed the statutes and understand the qualifications. Under penalties of perjury, I certify that the following statements are true:

a.    I am 18 years of age or older.

b.    I have never been convicted of a felony.

c.    I have never been convicted in any state or foreign jurisdiction of abuse, neglect, or exploitation of an elderly person or a disabled adult, as those terms are defined in section 825.101, Florida Statutes.

d.    I am mentally and physically able to perform the duties of personal representative.

d.e.    I am a resident of the State of Florida, or, if I am not a resident of the State of Florida, I am:

___    a legally adopted child or adoptive parent of the decedent;

___    related by lineal consanguinity to the decedent; a spouse or a brother, sister, uncle, aunt, nephew, or niece of the decedent, or someone related by lineal consanguinity to any such person; or

___    the spouse of a person otherwise qualified under one of the provisions above.

2.    I will faithfully administer the estate of the decedent according to law.

3.    My place of residence is _____, and my post office address is _____.

4.    I will promptly file and serve a notice on all interested persons at any time I know that I would not be qualified for appointment and will include the reason I would not then be qualified and the date on which the disqualifying event occurred.

5.    I will file and serve a notice within 20 days on all interested persons, in the event there is a change in my residence address, street address, or mailing address.

_____

Affiant

~~Sworn to and subscribed to before me on _____,~~
~~_____, by Affiant, who is personally known to me ___ or who has~~
~~produced _____ as identification.~~

                    ~~Notary Public State of _____~~
                    ~~My Commission Expires: _____~~
                    ~~My Commission Number is: ___~~
                    ~~____~~
                    ~~(Affix Notarial Seal)~~

Sworn to (or affirmed) and subscribed before me by means of
_____ physical presence or _____ online notarization, this _____
day of _____, 20__, by _____ (name of person
making statement).

                  _____

                  Signature of Notary
                  Public—State of Florida
                  (Print, Type, or Stamp
                  Commissioned Name of
                  Notary Public)

Personally Known _____ or Produced Identification _____
Type of Identification Produced _____

### Committee Notes

It is contemplated the oath may be signed concurrently with the petition for administration and will be valid even if it predates the order appointing the personal representative.

- 11 -

**Rule History**

1977 Revision - 2019 Revision   [No Change]

2021 Revision: Form Oath amended to require a statement that the personal representative has never been convicted of abuse, neglect, or exploitation of an elderly or disabled adult and to revise notary block for compliance with revised section 117.05, Florida Statutes.

**Statutory References**

733.302, Fla. Stat. Who may be appointed personal representative

733.303, Fla. Stat. Persons not qualified

733.304, Fla. Stat. Nonresidents

733.3101, Fla. Stat. Personal representative not qualified

825.101, Fla. Stat. Definitions

**Rule References**

[No Change]

## RULE 5.340.   INVENTORY

**(a) - (h)**   [No Change]

### Committee Notes

Inventories of the elective estate under subdivision (f) shall be afforded the same confidentiality as probate inventories. § 733.604(1) and (2), Fla. Stat.

Inventories are still required to be filed. Once filed, however, they are subject to the confidentiality provisions found in sections 733.604(1) and (2), Florida Statutes.

Constitutional protected homestead real property is not necessarily a probatable asset. Disclosure on the inventory of real property appearing to be constitutional protected homestead property informs interested persons of the homestead issue.

Interested persons are entitled to reasonable information about estate proceedings on proper request, including a copy of the inventory, an opportunity to examine appraisals, and other information pertinent to their interests in the estate. The rights of beneficiaries to information contained in estate inventories is limited by section 733.604(3), Florida Statutes. Inventories of the elective estate under subdivision (f) affects a broader class of interested persons who may obtain information regarding the assets disclosed therein subject to control by the court and the confidentiality afforded such inventories under section 733.604(1) and (2).

**Rule History**

[No Change]

**Constitutional Reference**

[No Change]

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.060 Request for notices and copies of pleadings.

Fla. Prob. R. 5.330 Execution by personal representative.

Fla. Prob. R. 5.360 Elective share.

Fla. Prob. R. 5.405 Proceedings to determine homestead status of real property.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.402. NOTICE OF LIEN ON PROTECTED HOMESTEAD

**(a) - (c)**  [No Change]

### Committee Notes

**Rule History**

[No Change]

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.403 Proceedings to determine amount of lien on protected homestead.

Fla. Prob. R. 5.404 Notice of taking possession of protected homestead.

Fla. Prob. R. 5.405 Proceedings to determine protected homestead status of real property.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.403.   PROCEEDINGS TO DETERMINE AMOUNT OF LIEN ON PROTECTED HOMESTEAD

**(a) - (c)**   [No Change]

### Committee Notes

**Rule History**

[No Change]

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.402 Notice of lien on protected homestead.

Fla. Prob. R. 5.404 Notice of taking possession of protected homestead.

Fla. Prob. R. 5.405 Proceedings to determine protected homestead status of real property.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

**RULE 5.404.   NOTICE OF TAKING POSSESSION OF PROTECTED HOMESTEAD**

**(a) - (c)**   [No Change]

## Committee Notes

**Rule History**

[No Change]

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.402 Notice of lien on protected homestead.

Fla. Prob. R. 5.403 Proceedings to determine amount of lien on protected homestead.

Fla. Prob. R. 5.405 Proceedings to determine protected homestead status of real property.

**RULE 5.405.   PROCEEDINGS TO DETERMINE PROTECTED HOMESTEAD STATUS OF REAL PROPERTY**

**(a)   Petition.** An interested person may file a petition to determine the protected homestead status of real property owned by the decedent or owned by the trustee of a trust described in section 733.707(3), Florida Statutes, of which the deceased settlor was treated as the owner of the real property pursuant to section 732.4015, Florida Statutes.

**(b)   Contents.** The petition shall be verified by the petitioner and shall state:

(1) – (3)   [No Change]

(4)　a legal description of the property owned by the decedent on which the decedent resided; ~~and~~

(5)　how the real property was owned at the time of the decedent's death; and

(6)　any other facts in support of the petition.

**(c)**　[No Change]

### Committee Notes

This rule establishes the procedure by which the personal representative or any interested person may petition the court for a determination that certain real property constituted the decedent's protected homestead property, in accordance with article X, section 4 of the Florida Constitution. The jurisdiction of the court to determine constitutional protected homestead property was established by *In re Noble's Estate*, 73 So. 2d 873 (Fla. 1954).

### Rule History

1984 Revision - 2014 Revision  [No Change]

2021 Revision: Amends subdivisions (a) and (b)(5) to include real property owned by a trust. Committee notes revised.

### Constitutional Reference

[No Change]

### Statutory References

§ 731.104, Fla. Stat. Verification of documents.

§ 731.201(33), Fla. Stat. General definitions.

§ 732.401, Fla. Stat. Descent of homestead.

§ 732.4015, Fla. Stat. Devise of homestead.

§ 733.607, Fla. Stat. Possession of estate.

§ 733.608, Fla. Stat. General power of the personal representative.

§ 733.707(3), Fla. Stat. Order of payment of expenses and obligations.

§ 736.0201(7), Fla. Stat. Role of court in trust proceedings.

§ 736.1109, Fla. Stat. Testamentary and revocable trusts; homestead protections.

§ 736.151, Fla. Stat. Homestead property.

**Rule References**

[No Change]

## RULE 5.555.  GUARDIANSHIPS OF MINORS

**(a) - (f)**    [No Change]

### Committee Notes

The provisions of chapter 744, Florida Statutes, and the guardianship rules enacted in 1989 leave some uncertainty with respect to the procedural requirements in guardianships for minors who are not incapacitated persons. This rule is intended to address only certain procedures with respect to the establishment and administration of guardianships over minors. The committee believes that certain provisions of the guardianship law and rules apply to both guardianships of minors as well as guardianships of incapacitated persons and no change has been suggested with respect to such rules. Because no adjudication of a minor is required by statute, it is contemplated that appointment of a

guardian for a minor may be accomplished without a hearing. Initial and annual guardianship reports for minors have been simplified where all assets are on deposit with a designated financial institution under applicable Florida law.

**Rule History**

1991 Revision - 2020 Revision   [No Change]

2021 Revision: Committee notes revised.

**Statutory References**

§ 69.031, Fla. Stat. Designated financial institutions for ~~assets~~property in hands of guardians, curators, administrators, trustees, receivers, or other officers.

§ 744.3021, Fla. Stat. Guardians of minors.

§ 744.3085, Fla. Stat. Guardian advocates.

§ 744.334, Fla. Stat. Petition for appointment of guardian or professional guardian; contents.

§ 744.3371(2), Fla. Stat. Notice of petition for appointment of guardian and hearing.

§ 744.342, Fla. Stat. Minors; guardianship.

§ 744.362, Fla. Stat. Initial guardianship report.

§ 744.363, Fla. Stat. Initial guardianship plan.

§ 744.365, Fla. Stat. Verified inventory.

§ 744.367, Fla. Stat. Duty to file annual guardianship report.

§ 744.3675, Fla. Stat. Annual guardianship plan.

§ 744.3678, Fla. Stat. Annual accounting.

§ 744.3679, Fla. Stat. Simplified accounting procedures in certain cases.

§ 744.446, Fla. Stat. Conflicts of interest; prohibited activities; court approval; breach of fiduciary duty.

**Rule References**

[No Change]